UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:07-CR-0285-B-2 |
| | § | |
| DONALD RAY WILLIAMS. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Donald Ray Williams's Motion to Reduce Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) Due to Coronavirus (Doc. 181). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

I.

BACKGROUND

On August 20, 2009, this Court sentenced Donald Ray Williams to 276 months of imprisonment and three years of supervised release based on his guilty plea to one count of interference with commerce by threats of violence in violation of 18 U.S.C. § 1951(a),[1] and one count of using a firearm during or in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Doc. 137, J., 1–3; Doc. 123, Plea Agreement, 1–2. Williams is currently sixty-five years old and confined at the Federal Transfer Center (FTC) Oklahoma City, with a scheduled release date of October 19, 2028.[2] As of July 7, 2020, thirty-five cases of COVID-19 are active at the

---

[1] Williams also pleaded guilty to aiding and abetting his co-defendants in their interference with commerce by threats. Doc. 137, J., 1.

[2] The Court accessed this information by searching for Williams on the Bureau of Prisons' (BOP) Inmate Locator, available at https://www.bop.gov/inmateloc/.

FTC Oklahoma City, with thirty-two active cases among inmates and three among prison staff.[3]

On May 22, 2020, Williams emailed the warden of his facility requesting to "be put in for the cares act" and stated his age, time served, and underlying medical conditions. Doc. 181, Def.'s Mot., 6. Williams alleges in his motion that his request has received "no response." *Id.* at 5.

On June 26, 2020, Williams filed a Motion to Reduce Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 181). In his motion, Williams asks the Court to modify the sentence to time served and convert the unserved portion to supervised release. Doc. 181, Def.'s Mot., 5. Williams requests a reduction in his sentence due to high-risk health factors of "[a]sthma, high blood pressure, high obesity, and chronicle [sic] knee pains" that put him at risk of "severe illness or even death" should he contract COVID-19. *Id.* at 4–5. For the reasons set forth below, the Court **DENIES** Williams's motion **WITHOUT PREJUDICE**.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)) (footnote omitted). The Court's decision must also be "consistent with applicable policy statements

---

[3] The Court accessed prison COVID-19 information by reviewing statistics available on the BOP's website, available at https://www.bop.gov/coronavirus/.

issued by the Sentencing Commission." § 3582(c)(1)(A).

Section 3582(c)(1)(A)'s exhaustion requirement is generally "a glaring roadblock foreclosing compassionate release" where the "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on [his] behalf" or if "there has been no adverse decision by [the] BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see, e.g.*, *United States v. Orellana*, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020). Nonetheless, "several courts have concluded that [the exhaustion] requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic." *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (per curiam) (Higginson, J., concurring) (citations omitted).

### III.

### ANALYSIS

The Court finds that Williams has not established exhaustion of his administrative remedies at the BOP. And even assuming he had, § 3582 does not warrant a sentencing reduction or compassionate release based on the merits of Williams's case.

A.  *Williams Has Failed to Exhaust Administrative Remedies or Provide Proof of Circumstances Warranting an Exception.*

Section 3582(c)(1)(A) requires exhaustion of administrative remedies before a defendant can file a motion seeking a sentence reduction with the Court. *See* 18 U.S.C. § 3582(c)(1)(A). Title 28, Section 571.61 of the Code of Federal Regulations outlines the procedure for initiation of a request for compassionate release based on extraordinary or compelling circumstances. *See* 28 C.F.R. § 571.61 (2013). To initiate a compassionate release request with a prison's warden, an inmate must

make a request that "at a minimum contain[s]":

> (1) The extraordinary or compelling circumstances that the inmate believes warrant consideration.
>
> (2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.

*Id.* § 571.61(a). Further, these requirements are laid out in BOP Program Statement 5050.50, which requires that "the Bureau ensure[] that all facilities *regularly and visibly post* . . . the procedures and timelines for initiating and resolving requests [under 18 U.S.C. § 3582(c)(1)(A)] . . . ." BOP Program Statement 5050.50, 2–3 (citing 18 U.S.C. § 3582(d)(2)(C)) (emphasis added). Therefore, all inmates should have notice of these requirements and know what information is necessary when making an initial request for compassionate release. *See id.*

In this case, Williams's email from May 22, 2020, fails to meet the minimum standards needed to initiate a request for compassionate release as required under § 571.61. *See* § 3582(c)(1)(A); 18 C.F.R. § 571.61. In Williams's email, he states that he is concerned about his health, but the email lacks any proposed release plans as required by § 571.61. *See* Doc. 181, Def.'s Mot., 6. His attached individualized reentry plan does include information on his work skills, but it does not indicate where he would live or how he intends to support himself.[4] *See id.* at 7–8. Thus, Williams's request to the warden is deficient, and the Court has no reason to believe Williams lacks access to the procedures for submitting his request. *See* § 3582(d)(2)(C). As a result, the thirty-day

---

[4] While Williams included his release plans in his motion for compassionate release, *see id.* at 4–5, these plans do not appear in the email request to the FTC Oklahoma City warden. *See id.* at 6. As there is no evidence these plans were otherwise attached to Williams's original email, the Court assumes they were not included.

exhaustion period did not begin with Williams's email on May 22, 2020. *See* Doc. 181, Def.'s Mot., 6; *see also* § 3582(c)(1)(A).

Williams has also not demonstrated to the Court that he faces "unique circumstances or unusual factors" warranting an exception from the initiation procedures or the exhaustion requirement. *See United States v. Rakestraw*, 2020 WL 2119838, at *2 (N.D. Tex. Apr. 14, 2020), *adopted by* 2020 WL 2114844 (N.D. Tex. May 1, 2020).

Due to Williams's failure to exhaust his administrative remedies or justify an exception to the exhaustion requirement, the Court **DENIES** Williams's motion for compassionate release **WITHOUT PREJUDICE** to re-filing upon exhaustion of administrative appeals.

B.  *Regardless of Exhaustion of Administrative Remedies, Williams's Motion Fails to Provide an Extraordinary and Compelling Reason Warranting Compassionate Release.*

Even assuming Williams had satisfied the exhaustion requirements, he has not established "extraordinary and compelling reasons" to justify compassionate release. *See* § 3582(c)(1)(A). The applicable policy statement—Section 1B1.13 of the Sentencing Guidelines—describes three extraordinary and compelling reasons that justify compassionate release, including an inmate's medical condition, age, and family situation. *See* U.S.S.G. § 1B1.13(1)(A) & cmt. 1.[5] However, since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 US Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to

---

[5] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with" any of the other listed reasons as determined by the Director of the Bureau. *Id.*

determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11). The Court will do so here as well.

Williams states that his medical conditions put him at greater health risks due to the current COVID-19 pandemic and are extraordinary and compelling reasons to warrant compassionate release. *See* Doc. 181, Def.'s Mot., 3–4. The Court recognizes that Williams's asthma, high blood pressure, obesity, and knee pains may increase severity of symptoms should he contract COVID-19, however Williams has not submitted evidence of his medical history. *Id.* at 7. Without any reliable medical information from medical or prison personnel about his current conditions, this Court cannot accept Williams's medical allegations from his word alone as extraordinary and compelling.

Williams is currently held at the FTC Oklahoma City, which has a recent spike of COVID-19—thirty-five active cases as of July 7, 2020.[6] The Court recognizes the spread of COVID-19 and acknowledges Williams's fears of contracting the virus. However, incarcerated individuals nationwide face this threat. General issues pertaining to inmates fail to establish extraordinary and compelling reasons for compassionate release. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (noting that "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements"). "[T]he mere existence of COVID-19 in society . . . cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *Raia*, 954 F.3d at 597 (citation omitted). Therefore, the Court finds Williams has not shown

---

[6] The Court derives COVID-19 statistics from https://www.bop.gov/coronavirus/.

-6-

extraordinary and compelling reasons warranting a reduction in sentence.

In addition, before granting compassionate release, § 3582 requires the Court to consider the factors set forth in § 3553(a) and determine if an inmate poses a danger to society. *See* § 3582(c)(1)(A); *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11. Section 3553 advises the Court to consider the defendant's threat to the community. *See* § 3553(a)(2)(c). Also included are other sentencing factors, such as "the nature and circumstances of the offense," "the history and characteristics of the defendant," and "the need for the sentence imposed." *See* § 3553(a).

In this case, Williams pleaded guilty to interference with commerce by threats of violence in violation of 18 U.S.C. § 1951(a), as well as using a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c). Doc. 137, J., 1. Given the nature of Williams's crimes, the Court cannot conclude that Williams does "not pose a danger to the safety of the community." *See Lee*, 2020 U.S. Dist. LEXIS 101815, at *11.

Therefore, even if Williams exhausts his administrative remedies, he has not shown that he is currently entitled to relief under § 3582(c)(1)(A).

### IV.

### CONCLUSION

To the extent Williams requests compassionate release under § 3582(c)(1)(A), Williams has not exhausted his administrative remedies. Additionally, even assuming he did satisfy the exhaustion requirement, Williams has not shown any extraordinary or compelling reasons for compassionate release. For all of these reasons, the Court **DENIES** Williams's motion (Doc. 181) **WITHOUT PREJUDICE**.

By denying Williams's motion without prejudice, the Court permits Williams to file a

subsequent motion for compassionate release in the event circumstances later rise to the level of extraordinary and compelling.

**SO ORDERED.**

**SIGNED: July 8, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE